# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TREMAIN V. SCOTT,**

               **Plaintiff,**

      v.                                     **CASE NO. 19-3055-SAC**

**TOPEKA POLICE DEPARTMENT,**

               **Defendant.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in federal custody, proceeds pro se and seeks leave to proceed in forma pauperis[1].

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

---

[1] On March 26, 2019, the Clerk of the Court entered a notice of deficiency advising plaintiff that he must support his motion to proceed in forma pauperis with a financial statement from the institution where he is incarcerated. *See* 28 U.S.C. § 1915(a)(2). Plaintiff has not yet submitted a response.

of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090,

1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

Plaintiff sues the Topeka Police Department. He specifically alleges that on or about October 20, 2017, a police detective who came to talk to him about a shooting "was very disrespectful" and never returned to talk to him or tell him anything about the case.

The sole defendant in this action is the Topeka Police Department. A police department is not a legally suable entity in an action brought under § 1983. *See, e.g., Moore v. Diggins*, 633 Fed. Appx. 672, 677 (10th Cir. 2015)(stating the Denver Sheriff's Department "is not a suable entity under § 1983") and *Lindsey v. Thomson*, 275 Fed.Appx. 744, 747 (10th Cir. 2007)(affirming dismissal of § 1983 claims against police departments and county sheriff's department and stating these defendants were "not legally suable entities"). The defendant is subject to dismissal for that reason.

Likewise, to the extent plaintiff may assert a claim for relief against the unnamed detective, his claim is a bare allegation that fails to state a claim for relief. Plaintiff's assertion does not plausibly identify the violation of a federal right, and he has not pleaded sufficient facts to allow the Court to conclude that he states a claim for relief.

**Order**

The present complaint is subject to dismissal for the reasons

stated. The Court will allow plaintiff an opportunity to cure the deficiencies noted by filing an amended complaint. The amended complaint must be submitted upon court-approved forms. In order to add claims or significant factual allegations, or to change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not an addendum or supplement to the original complaint but completely supersedes it. Therefore, any claims or allegations not presented in the amended complaint are no longer before the Court. Plaintiff may not simply refer to an earlier pleading; instead, the complaint must contain all allegations and claims that plaintiff intends to present in the action, including those to be retained from the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

Plaintiff must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that the describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **May 6, 2019,** to submit an amended complaint that cures the deficiencies identified in this order. The failure to file a timely response may result in the dismissal of this matter without additional notice.

**IT IS SO ORDERED.**

DATED: This 5th day of April, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge